**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10156 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00166-LJO |
| v. | |
| SHAUN LERTSWAN, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 10, 2015**

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

Shaun Lertswan appeals from the district court's judgment and challenges

the two-year sentence imposed upon revocation of supervised release.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Lertswan contends that the district court procedurally erred by failing to consider the 18 U.S.C. § 3583(e) sentencing factors, instead basing the sentence exclusively on a promise made to him by the court at an earlier sentencing hearing. He also argues that the district court erred by failing to explain the extent of its upward variance from the Guidelines range except by reference to that promise. Because Defendant did not raise these objections before the district court, we review for plain error. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Contrary to Lertswan's argument, the record reflects that the district court considered the parties' arguments and the statutory sentencing factors before imposing sentence. The court imposed sentence on the basis of Lertswan's breach of the court's trust, a permissible sentencing factor, and its explanation of the sentence was legally sufficient. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("The district court need not tick off each of the § 3553(a) factors to show that it has considered them."); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (at a revocation sentencing, the court may sanction the violator for his breach of trust).

Lertswan next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Lertswan's sentence. *See Carty*, 520 F.3d at 993. The sentence is substantively reasonable in light of the

section 3583(e) sentencing factors and the totality of circumstances, including Lertswan's violation history. *See Carty*, 520 F.3d at 993; *Simtob*, 485 F.3d at 1062-63.

**AFFIRMED.**